Rory C. Quintana (SBN 258747)
QUINTANA HANAFI, LLP
870 Market St., Ste. 819
San Francisco, CA 94102
Telephone: (415) 504-3121
Fax: (415) 233-8770
rory@qhplaw.com

*Attorney for Plaintiff Cody Harrison*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CODY "JAMES" HARRISON,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**TSGCA, INC. d.b.a. PLIANCY** a California corporation; and **DOES 1 through 10**, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF FAMILY MEDICAL LEAVE ACT (29 U.S.C. § 2615); RETALIATION (CAL. LABOR CODE § 98.6; CAL. GOV'T CODE 12945.2); WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; FAILURE TO PAY OVERTIME (CAL. LABOR CODE §§ 515.5, 1194, 1198; 29 U.S.C. § 201); FAILURE TO PAY WAGES FOR ALL HOURS WORKED (CAL. LABOR CODE §§ 204, 1194; ); FAILURE TO MAINTAIN AND PROVIDE ACCURATE PAYROLL RECORDS (CAL. LABOR CODE § 226); AND, FAILURE TO PAY ALL WAGES UPON TERMINATION (CAL. LABOR CODE §§ 201, 203).**<br><br>DEMAND FOR JURY TRIAL |

      Plaintiff CODY "JAMES" HARRISON (herein "Plaintiff" or "HARRISON"), for claims

for relief against Defendant TSGCA, INC., d.b.a. PLIANCY (herein "Defendant" or

"PLIANCY") alleges:

///

///

COMPLAINT FOR DAMAGES

**<u>NATURE OF THIS ACTION</u>**

1.     This is an action for relief from Defendants' violations of the Family Medical Leave Act (herein "the FMLA"), the Fair Labor Standards Act (herein "the FLSA"), retaliation in violation of the California Labor Code, failure to pay overtime and wages for all hours work and for Defendant's wrongful termination of Plaintiff in violation of public policy.

2.     Plaintiff is an individual who was eligible for FMLA leave who had requested FMLA leave. Defendants terminated Plaintiff following his request for FMLA leave and after Plaintiff complained of retaliation for failure to pay overtime.

3.     Plaintiff seeks compensatory, liquidated, general and punitive damages, reasonable attorneys' fees, and costs, as well as other appropriate relief as determined by this court, for Defendants' violations of his rights.

**<u>JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT</u>**

4.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

5.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred in this District.

6.     Pursuant to Northern District Local Rule 3-2 (c) & (d) this action should be assigned to San Francisco, California, as the actions giving rise to Plaintiff's claims took place in San Francisco County.

7.     On or about January 12, 2022, Plaintiff received a right-to-sue letter from the Department of Fair Employment and Housing. A true and correct copy of this letter is attached hereto as Exhibit A.

**<u>PARTIES</u>**

8.     Plaintiff is a U.S. citizen and a resident of San Francisco County in this judicial district.

9.     Plaintiff is informed and believe and based thereon alleges that Defendant is a California corporation, headquartered at 809 High Street, Palo Alto, CA 94301, and licensed to do business in California under Entity Number C3122977.

COMPLAINT FOR DAMAGES

10.     Plaintiff began working for Defendant on or about January 13, 2020.

11.     At the time of his termination, Plaintiff was an otherwise qualified person within the meaning of the FMLA.

12.     Plaintiff worked for Defendant in excess of one year, and in excess of 1,250 hours in the year immediately prior to requesting leave in 2021.

13.     Plaintiff is informed and believes and based thereon alleges that Defendant is an employer as defined by 29 C.F.R. §825.104, as it is engaged in commerce or activity affecting commerce and employs fifty or more people.

14.     At all material times and for all purposes relevant to the claims made herein, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

15.     At all material times and for all purposes relevant to the claims made herein, Defendant was an "employer" within the meaning of 29 U.S.C. 203(d).

16.     At all material times and for all purposes relevant to the claims made herein, Defendant has been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

17.     At all material times, Defendant has been an enterprise or enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18.     Defendant has an annual gross business volume of not less than $500,000.

19.     Defendant controlled the hours to be worked by Plaintiff.

20.     Defendant directed the work of Plaintiff.

21.     Defendant maintained communication with Plaintiff and received status updates as to the status of his work.

22.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 10 and therefore sue those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of those fictitiously named Defendants is responsible

1   in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged

2   were proximately caused by the aforementioned Defendants.

3       23.    Plaintiff is informed and believes and thereon alleges that each of the Defendants

4   herein were, at all times relevant to this action, the agents, employees, representing partners,

5   supervisors, managing agents, joint venturers, joint employers of the remaining Defendants and

6   were acting within the course and scope of that relationship. Plaintiff is further informed and

7   believes and thereon alleges that each of the Defendants gave consent to, ratified, and authorized

8   the acts alleged herein to each of the remaining Defendants. Defendants are sued both in their

9   own right and on the basis of *respondeat superior*.

10       **FACTS COMMON TO ALL CAUSES OF ACTION**

11       24.    Plaintiff was employed by Defendant as an IT Consultant from approximately

12   January 13, 2020 until December 20, 2021.

13       25.    In or around December 2019, while negotiating Plaintiff's employment, and

14   knowing that Plaintiff had an offer for employment at a higher salary with a different company,

15   Defendant promised Plaintiff a bonus of $5,000.

16       26.    Throughout his employment with Defendant, on at least one occasion Plaintiff

17   worked more than eight (8) hours in a day and in fact regularly worked more than eight (8) hours

18   a day.

19       27.    Throughout his employment with Defendant, on at least one occasion Plaintiff

20   worked more than forty (40) hours per week, and in fact regularly worked more than forty (40)

21   hours per week.

22       28.    Defendant directed Plaintiff to respond to customers as quickly as possible, even

23   if customers contacted Plaintiff during evening hours or on weekends. As a result, Plaintiff

24   worked an average of sixty (60) or more hours per week. Defendant was aware that Plaintiff

25   worked in excess of eight (8) hours per day and on weekends.

26       29.    As a part of Plaintiff's work for Defendant, Plaintiff worked with customers in

27   different time zones, requiring him to be on standby and/or working as early as 3:00 a.m. for

28   setting up the technology necessary for interviews or other video needs.

COMPLAINT FOR DAMAGES

30.     As a part of Plaintiff's work for Defendant, Plaintiff was required to be on call 24 hours per day, 7 days per week. In fact, Defendant instructed Plaintiff to use his personal phone number in his email signature so that customers could contact employees, including Plaintiff during non-working hours.

31.     As an IT Consultant, Plaintiff's primary duties included, but was not limited to: setup of new hire laptops; creating user accounts across multiple platforms; installing ethernet cables; troubleshooting computer software and hardware; delivering computer hardware; setting up printers; transporting goods; emptying trash; setting up computer monitors; installing computers, networks and wireless access at employee's homes; installing zoom hardware, including cameras; performing computer diagnostics; being on standby 24 hours per day for clients' IT needs; assisting in building out client's Austin, Texas office; and cleaning the IT supply room.

32.     In addition to his work for customers, Plaintiff was tased with troubleshooting Defendant's employees and Defendant's customers personal phones, iPads, tables, etc.

33.     On or about March 9, 2020, Plaintiff sent information to his supervisor, Nick Vasilopoulos reflecting how employees in his position should be paid overtime, pursuant to California Labor Code § 515.5.  Despite being aware of this information, Defendant failed to pay Plaintiff any overtime wages for work performed over eight (8) hours in a day or forty (40) hours in a week.

34.     In or around April 2021, Defendant began discussing the need for Plaintiff to move to Austin, Texas for work with the client 8VC.

35.     In or around June 2021, Plaintiff informed Defendant that his wife was pregnant and that he intended to take FMLA leave once the baby was born.

36.     On or about December 16, 2021, Plaintiff met with Defendant's Human Resources representative, Rachel Noiseux. During the meeting, Plaintiff again brought up FMLA leave for the birth of his first child, asking what would be involved with the leave and if he needed to do anything further. Ms. Noiseux explained that Plaintiff just needed to "set paternity

leave in Zenefits." No documents were provided to Plaintiff and no additional information was provided regarding his FMLA leave.

37. In addition to discussing his leave, Plaintiff also discussed the $5,000 bonus promised to him when he was hired. Plaintiff explained how his supervisor told him that he would not receive the promised bonus and that he would also not be provided moving costs for a move to Austin, Texas. Plaintiff asked Ms. Noiseux why he was not being provided moving costs while other employees were. Ms. Noiseux stated that Plaintiff's supervisor had stated that Plaintiff was moving to Austin regardless of his work with Pliancy. Plaintiff noted that this was untrue and asked why he was not receiving the pay. Ms. Noiseux stated that Plaintiff's supervisor never mentioned the bonus and that it was "never on the table." Plaintiff explained that he was coming to her rather than his supervisor because he feared retaliation from his supervisor.

38. On December 17, 2021, Defendant met with Plaintiff and informed him that his employment would be terminated effective December 20, 2021.

**FIRST CAUSE OF ACTION**
**Discrimination in Violation of FMLA**
**(29 U.S.C. §§2601-2619; 29 U.S.C. §§ 2651-2654)**

39. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

40. 29 U.S.C. § 2615(a)(2) makes it unlawful for an employer to discharge or in any other manner discriminate against any individual for requesting FMLA leave.

41. Plaintiff was terminated by Defendant on December 17, 2021, following his request of FMLA leave on December 16, 2021.

42. By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

43.    As a result of Defendants' violations of the FMLA, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

44.    In addition to attorneys' fees and costs, Plaintiff is also entitled to backpay, liquidated damages, compensatory and punitive damages, pre- and post-judgment interest, and all other relief available under the statutes.

**SECOND CLAIM FOR RELIEF**
**Interference with FMLA Rights**
**(29 U.S.C. §§ 2601-2619; 29 U.S.C 2651-2654)**

45.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

46.    The FMLA, 29 U.S.C. §§ 2601-2619; 29 U.S.C. §§ 2651-2654, provides unpaid, job-protected leave for eligible employees for numerous reasons, including for reasons related to the birth of a child.

47.    Section 105(a), 29 U.S.C. § 2615, makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise FMLA rights.

48.    Pursuant to his rights under the FMLA, Plaintiff requested protected leave on or about December 16, 2021, to begin with the birth of his child in late January 2022.

49.    On December 17, 2021, within 24 hours of his request for protected leave, Defendant terminated Plaintiff's employment.

50.    Defendant's actions in refusing to allow Plaintiff to leave without interference, and the termination of his employment upon his request for protected leave constitutes unlawful interference with Plaintiff's rights under the FMLA.

51.    By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

52.    As a result of Defendant's violations of the FMLA, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

7

53.  In addition to attorneys' fees and costs, Plaintiff is also entitled to backpay, liquidated damages, compensatory and punitive damages, pre- and post-judgment interest, and all other relief available under the statutes.

### THIRD CLAIM FOR RELIEF
### Retaliation in Violation of Public Policy
### (Cal. Gov't. Code § 12945.2; Cal. Labor Code § 98.6)

54.  Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

55.  As discussed above, Plaintiff complained about not being paid overtime in or around March 2020. Additionally, Plaintiff further complained about not being paid a bonus as promised, and not being offered moving expenses as his co-workers had been. Additionally, Plaintiff requested protected leave for the birth of his child on December 16, 2021.

56.  Defendant ignored Plaintiff's complaint regarding overtime pay, retracted the offer for the bonus promised him, and refused to provide him moving expenses.

57.  Within 24 hours of Plaintiff's request for protected leave and a reiteration of his complaints related to bonus pay and moving expenses, Defendant terminated Plaintiff's employment.

58.  Pursuant to California Labor Code section 98.6, it is the policy of the State of California to prohibit retaliation for complaints related to an employee's wages.

59.  Pursuant to California Government Code section 12945.2(k), it is the policy of the State of California to prohibit retaliation for the exercise of an employee's right for family medical leave.

60.  As a direct and proximate result of his termination, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

61.  On information and belief, in doing the acts herein alleged, Defendant acted with oppression, malice, and in conscious disregard of Plaintiff's rights and he is therefore entitled to exemplary damages in an amount according to provide at trial.

COMPLAINT FOR DAMAGES

62.     As a further proximate result of Defendant's conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

### FOURTH CLAIM FOR RELIEF
**Wrongful Discharge in Violation of Public Policy**

63.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

64.     It is the policy of the United States to prevent employers from retaliating against an employee for requesting leave pursuant to the FMLA.

65.     It is the policy of California to prevent employers from retaliating against an employee for complaints related to their wages.

66.     It is the policy of California to prevent employers from retaliating against an employee for requesting family medical leave.

67.     Plaintiff's protected leave was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

68.     Plaintiff's complaints about overtime wages, unpaid bonuses, and refusal to provide moving expenses were substantial motivating factors in Defendant's decision to terminate Plaintiff's employment.

69.     As a direct and proximate result of his termination, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

70.     Plaintiff further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

71.     Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

///

///

COMPLAINT FOR DAMAGES

1

2

**<u>FIFTH CLAIM FOR RELIEF</u>**
**Failure to Pay Wages for All Hours Worked**
**(Cal. Labor Code §§ 204, 1194)**

3

4

72.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

5

6

73.    At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the California Labor Code.

7

8

74.    California Labor Code section 204 requires employers to pay employees for all work performed on the job.

9

10

11

12

75.    During the relevant period, Defendant had, and continues to have, a policy and practice of failing to compensate Plaintiff and other employees for all hours worked. Defendant required, suffered, or permitted Plaintiff to work from January 2020 through December 2021 without receiving compensation for work performed over 40 hours per week.

13

14

15

16

17

76.    By requiring Plaintiff to perform work without compensation as alleged above, Defendant willfully violated the provisions of California Labor Code section 204. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of compensation in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs, under Labor Code section 1194.

18

19

**<u>SIXTH CLAIM FOR RELIEF</u>**
**Failure to Pay Overtime Wages**
**(Labor Code §§ 510, 515.5 and 1194)**

20

21

77.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

22

23

78.    At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the California Labor Code.

24

25

26

27

28

79.    Pursuant to California Labor Code sections 510 and 1194 and the relevant IWC Wage Order, Defendant was required to compensate Plaintiff for all overtime worked, which is calculated at one and one-half times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh consecutive work day, with double time for all hours worked in excess of twelve (12) hours in

1  any work day and for all hours worked in excess of eight (8) hours on the seventh consecutive

2  day of work in any work week.

3        80.    Pursuant to California Labor Code section 515.5, the computer professional

4  exemption does not apply to employees engaged in the operation of computers or in the

5  manufacture, repair, or maintenance of computer hardware and related equipment. As described

6  above, Plaintiff's primary duties included the operation of computers and he engaged in the

7  repair and maintenance of computer hardware and related equipment. Accordingly, Plaintiff was

8  a non-exempt employee entitled to the protections of California Labor Code sections 510 and

9  1194 and the relevant IWC Wage Order. During the relevant period, Defendant failed to

10  compensate Plaintiff for overtime hours worked as required under the foregoing provisions of the

11  California Labor Code by, among other things by failing to pay overtime at one and one-half the

12  regular rate of pay as provided by California Labor Code sections 510 and 1194 and the relevant

13  IWC Wage Order; improperly classifying Plaintiff as exempt from overtime pay premiums; and

14  requiring, permitting, or suffering Plaintiff to work without receiving compensation.

15        81.    In violation of California law, Defendant knowingly and willfully refused to

16  perform its obligations to compensate Plaintiff for all wages earned and all hours worked. As a

17  proximate result, Plaintiff has suffered, and continues to suffer, substantial losses related to the

18  use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees

19  in seeking to compel Defendant to fully perform its obligations under California law, all to their

20  respective damages in amounts according to proof at time of trial and within the jurisdiction of

21  this Court.

22        82.    Defendant's conduct described herein violates California Labor Code sections

23  510, 515.5 and 1194, as well as the relevant IWC Wage Order. Therefore, pursuant to applicable

24  provisions under the California Labor Code and IWC Wage Order, Plaintiff is entitled to recover

25  the unpaid balance of wages owed to them by Defendant, plus interest, penalties, attorneys' fees,

26  and costs of suit.

27  ///

28  ///

11

1

2

### SEVENTH CLAIM FOR RELIEF
**Failure to Pay Overtime**
**FLSA, 29 U.S.C. § 201 *et seq.*,**

3

4

    83.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

5

6

7

    84.    The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

8

9

    85.    On numerous occasions throughout Plaintiff's employee, Defendant engaged, suffered, or permitted Plaintiff to work in excess of forty (40) hours in a workweek.

10

11

    86.    Plaintiff was entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times his regular rate of pay.

12

13

14

15

16

17

    87.    Despite the hours worked by him, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed, and refused to pay Plaintiff the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek. By failing to compensate Plaintiff at a rate of no less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

18

19

20

21

22

    88.    By failing to accurately record, report and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine his wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 210 *et seq.,* including 29 U.S.C. § 211(c) and § 215(a).

23

24

25

26

27

    89.    As a result of Defendant's willful and unlawful failure to pay Plaintiff all of his earned overtime wages, Plaintiff is entitled to recover his unpaid overtime wages, costs and reasonable attorneys' fees and the relief requested below in the Prayer for Relief. Plaintiff seeks damages in the amount of his unpaid overtime compensation and liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law

28

1   pursuant to 29 U.S.C.§§ 216(b) and 255(a), and such other legal and equitable relief as the Court

2   deems just and proper.

3                         **EIGHTH CLAIM FOR RELIEF**

                               **Waiting Time Penalties**
4                         **(Cal. Labor Code §§ 201, 203)**

5       90.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if

6   they were set forth here in full.

7       91.   At all times relevant to this action, Plaintiff was employed by Defendant within

8   the meaning of the California Labor Code.

9       92.   California Labor Code section 201 requires an employer to pay all compensation

10  due and owing to an employee immediately upon termination of that employee's employment.

11      93.   California Labor Code section 203 provides that if an employer willfully fails to

12  pay compensation promptly upon discharge, as required by section 201, then the employer is

13  liable for waiting time penalties in the form of continued compensation of up to thirty workdays.

14      94.   Defendant willfully failed and refused to timely pay compensation and wages,

15  including unpaid overtime pay, to Plaintiff. As a result, Defendant is liable to Plaintiff for

16  waiting time penalties, together with interest thereon, under Labor Code section 203.

17                         **NINTH CLAIM FOR RELIEF**

                          **Failure to Provide Accurate Wage Statements**
18                         **(Cal. Labor Code §§ 226, 1174)**

19      95.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if

20  they were set forth here in full.

21      96.   At all times relevant to this action, Plaintiff was employed by Defendant within

22  the meaning of the California Labor Code.

23      97.   Pursuant to California Labor Code sections 226 and 1174, all employers are

24  required to maintain accurate records of each employee's hours of work each workday for a

25  period of at least three (3) years, and provide to each employee accurate, periodic wage

26  payments in writing, setting forth, among other things: (a) the dates of labor for which payment

27  of wages is made; (b) the total hours of work for the pay period; (c) the applicable rates of pay

28

13

1  for all hours worked; (d) gross and net wages paid, as well as all authorized deductions from

2  those wages; and (e) the name and address of the employer.

3       98.   Defendant knowingly failed to comply with these provisions by, among other

4  things, failing to provide accurate itemized wage statements in writing showing all applicable

5  rates of pay during the pay period and the corresponding number of hours worked at each hourly

6  rate by Plaintiff.

7       99.   California Labor Code section 226(e) provides that any employee suffering injury

8  due to a willful violation of the aforementioned obligations may collect the greater of either

9  actual damages or $50 for the first inadequate pay statement and $100 for each inadequate

10  statement thereafter up to $4,000 per employee.

11       100.  During the course of Plaintiff's employment with Defendant, Defendant

12  consistently failed to provide Plaintiff with paystubs that met requirements of section 226(e) of

13  the California Labor Code.

14       101.  Defendant failed to provide such adequate statements willingly and with full

15  knowledge of its obligations under California Labor Code section 226.

16       102.  Defendant's failure to provide such adequate statements has caused injury to

17  Plaintiff. Plaintiff may therefore recover the greater of actual damages or penalties as a result of

18  Defendant's failure to provide proper records, in an amount to be determined at trial. Plaintiff

19  also seeks costs and attorneys' fees under Labor Code section 226.

20                          **RELIEF REQUESTED**

21       WHEREFORE, Plaintiff respectfully requests that this court:

22  1.   Order Defendant to pay Plaintiff for the wages, salary, employment benefits,

23  pension benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's

24  violations of the law, in an amount to be proven at trial;

25  2.   Order Defendant to pay Plaintiff compensatory damages for Plaintiff's emotional

26  pain and suffering.

27  3.   Order Defendant to pay Plaintiff exemplary damages;

28

4.     Order Defendant to pay Plaintiff statutory damages, liquidated damages, and penalties as provided under the Labor Code;

5.     Order Defendant to pay Plaintiff liquidated damages pursuant to the FLSA and FMLA;

6.     Order Defendant to pay Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

7.     Order Defendant to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest;

8.     Order Defendant to pay Plaintiff exemplary damages;

9.     That Defendant be permanently enjoined from engaging in the unlawful, unfair, and fraudulent acts and practices alleged herein;

10.    Grant such other and further relief as this court may deem proper and just.

### JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: January 31, 2022                Respectfully submitted,

QUINTANA HANAFI, LLP

By: _____
        Rory C. Quintana
        *Attorney for Plaintiff Cody Harrison*

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# EXHIBIT A

COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 12, 2022

Rory Quintana
870 Market St., Ste. 819
San Francisco, CA 94102

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202201-15835912
        Right to Sue: Harrison / TSGCA, Inc., d.b.a. Pliancy

Dear Rory Quintana:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 12, 2022

RE:    **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202201-15835912
        Right to Sue: Harrison / TSGCA, Inc., d.b.a. Pliancy

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 12, 2022

Cody Harrison
1533 Pershing Drive Apt D
San Francisco,  94129

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202201-15835912
        Right to Sue: Harrison / TSGCA, Inc., d.b.a. Pliancy

Dear Cody Harrison:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 12, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Cody Harrison                                           DFEH No. 202201-15835912

                              Complainant,

vs.

 TSGCA, Inc., d.b.a. Pliancy
 809 High Street
 Palo Alto, CA 94301

                              Respondents

_____

**1.** Respondent **TSGCA, Inc., d.b.a. Pliancy** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Cody Harrison**, resides in the City of **San Francisco,** State of **.**

**3**. Complainant alleges that on or about **December 17, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) and as a result of the discrimination was terminated, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used family care or medical leave (cfra) and as a result was terminated, denied family care or medical leave (cfra).

**Additional Complaint Details:** I began working for Pliancy on or about January 13, 2020. In or around the end of July 2021, I first informed my employer that my wife was going to give birth to our first child in or around January 2022.  I informed them that I would want to take family medical leave for the birth of my son.  I was never provided any paperwork or

-1-
*Complaint – DFEH No. 202201-15835912*

Date Filed: January 12, 2022

Form 0T_157EAC345513 (Revised 12/21)                                    DFEH-ENF 80 RS

1

asked any follow-up questions.  On or about December 16, 2021, I spoke with my HR rep
and reiterated to her that I would be taking leave in January 2022 and asked whether there
was any paperwork I needed to fill out or if there was any additional information they would
need from me.  I was not provided any paperwork and was not asked any follow up
questions.  The next day, on December 17, 2021, Pliancy terminated my employment.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-2-

*Complaint – DFEH No. 202201-15835912*

27

Date Filed: January 12, 2022

28

Form 0T_157EAC345513 (Revised 12/21)                                          DFEH-ENF 80 RS

1  VERIFICATION

2  I, **Rory C. Quintana**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
5  On January 12, 2022, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.

6                                                                **San Francisco, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -3-
                                  *Complaint – DFEH No. 202201-15835912*
27
   Date Filed: January 12, 2022
28

   Form 0T_157EAC345513 (Revised 12/21)                          DFEH-ENF 80 RS